UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PROJECT VERITAS and PROJECT VERITAS ACTION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES O'KEEFE; and TRANSPARENCY 1, LLC d/b/a O'KEEFE MEDIA GROUP,<br><br>Defendants. | Case No. _____<br><br>Originating Court: S.D.N.Y.<br>Originating Case No.: 7:23-cv-04533<br><br>**MOTION TO QUASH NON-PARTY SUBPOENA AND INCORPORATED MEMORANDUM OF LAW** |

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Movant Benjamin B. Hinckley ("Movant") by and through undersigned counsel, hereby moves this Court to quash third-party subpoenas issued to Movant by Defendants James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group ("Defendants"). Alternatively, Movant moves this Court for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c).

The grounds for this motion, further set forth in the incorporated memorandum of law, are as follows:

1. The subpoena at issue, attached hereto as Exhibit A, fails to give Movant a reasonable time to comply. Movant was served with a copy of the subpoena on May 9, 2025, yet directed to comply by May 21, 2025—just twelve (12) calendar days and eight (8) business days.

2. Defendants have failed to tender a witness fee and estimated mileage to Mr. Hinckley as required by Rule 45(b)(1). *See* Decl. of Barry Hinckley in Support of Mot. to Quash Non-Party Subpoena or for Entry of Protective Order ("Hinckley Decl.") ¶ 5, attached as Exhibit B.

3. The subpoena subjects Movant to an undue burden:

   a. Movant is a nonparty in Defendants' sprawling litigation, *Project Veritas v. O'Keefe*, No. 7:23-cv-04533 ("New York Matter"), with no connection to the subject matter of the counterclaims now in litigation. Hickley Decl. ¶ 2.

   b. Defendants have yet to narrow the impossibly broad scope of document requests made to Movant. For example, the first four paragraphs of the document requests seek a broad set of documents or communications unbounded by any look-back period time limitation. Decl. of David R. Osborne in Support of Mot. to Quash Non-Party Subpoena or for Entry of Protective Order ("Osborne Decl.") ¶ 4, attached as Exhibit C.

   c. Each document request seeks documents or communications equally available from other sources, including the parties to the litigation and/or the public domain. *See* Ex. A.

   d. Movant will be forced to devote substantial time, energy, and expense to responding to Defendants under an accelerated time with no assurance of recovering Movant's costs. Hinckley Decl. ¶¶ 6-9.

    e. Disclosure will violate Movant's privacy interests, as Defendants' subpoena seeks potentially private and business communications between Movant—a nonparty to the underlying litigation—and a number of other individuals and entities concerning issues not relevant to the underlying litigation. Hinckley Decl. ¶ 12.

4. The documents sought by Defendants are, on the face of the requests, otherwise available by other means. They are likely to be obtained from Plaintiffs, in the possession of Defendants, or in the public domain. Hinckley Decl. ¶ 11.

5. Movant has timely objected to the validity of the subpoena and the breadth of the document requests. Osborne Decl. ¶ 3.

6. For the same reasons, entering a protective order precluding document discovery would protect Movant from annoyance and undue burden or expense. Further, good cause exists to enter a protective order under *In re Alexander Grant & Co. Litigation*, 820 F.2d 352 (11th Cir. 1987):

    a. Complying with the subpoena will violate Movant's privacy interests, as Defendants' subpoena seeks a host of private and business communications between Movant—a nonparty to the underlying litigation—and a number of other individuals and entities. Indeed, Defendants have previously threatened to publicize depositions. *See, e.g.*, https://x.com/jamesokeefeiii/status/1326356151286554624 ("If you

3

    don't retract, we'll take you to court. You'll go through discovery. I will publish your depo tapes. . . .").

b. Defendants are seeking information for an improper purpose: an apparent fishing expedition to find new information in rancorous litigation against his former employer.

c. The sharing of information by Movant will not promote fairness or efficiency. Movant is a nonparty with no rational connection to the underlying litigation, yet Defendants are demanding compliance on an accelerated schedule with few limitations on the scope of documents or deposition subject matter. If Movant was important to Defendant's case, Defendant would have made contact with and issued subpoenas earlier in the discovery calendar.

d. The underlying litigation does not involve issues important to the public, but appears to involve a private dispute between Defendant O'Keefe and his former employer. Moreover, Defendants seek private communications from or to Movant, a nonparty to the litigation.

## INCORPORATED MEMORANDUM OF LAW

This Court should quash the subpoena served on Movant on the bases that it is facially deficient and imposes an undue burden on Movant, a nonparty to the litigation. *See Mad Room, LLC v. City of Miami*, No. 21-cv-23485, 2022 WL 19331242, at *1 (S.D. Fla. Nov. 21, 2022) ("In balancing the need for discovery against the

burden imposed on the person from whom documents are sought 'the status of a person as a non-party is a factor that weighs against disclosure.'" (quoting *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015)).

**A. Defendants have not afforded Movant reasonable time to comply.**

First, this Court should quash the subpoenas demanding documents and a deposition of Movant pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i) because the subpoena "fails to allow a reasonable time to comply."

Federal Rule of Civil Procedure 45(d)(3) provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that," among other deficiencies, "fails to allow a reasonable time to comply." "While Rule 45 does not expressly provide what 'a reasonable time to comply' entails, this district has determined that fourteen days is reasonable." *Suarez v. Padron*, No. 18-cv-23930, 2019 WL 13256088, at *2 (S.D. Fla. Mar. 25, 2019)

Yet here, Defendants gave Movant just *eight business days* (or twelve calendar days) to prepare for a deposition, conduct a document search, obtain a lawyer who could conduct a legal review of those documents, and deliver responsive documents. This short time frame is incompatible with the broad document requests—most of which seek documents or communications without any relevant look-back time period—and

5

unbounded subjects of deposition. Moreover, Movant was unavailable for a deposition on the scheduled day, at which time documents were to be produced.[1]

Admittedly, Defendant's deposition deadline is fast approaching, but Movant should not be burdened with Defendant's delay in seeking information from Movant as discovery comes to a close.[2] The time given to Movant for compliance falls is unreasonable under Rule 45. Accordingly, the subpoenas should be quashed.

**B. Defendants failed to tender a witness fee and estimated mileage.**

Second, this Court should quash the subpoena on the basis that Defendants have failed to tender a witness fee and estimated mileage to Movant in accordance with Rule 45(b)(1).

Rule 45(b)(1) specifies that "[s]erving a subpoena requires delivering a copy to the named person and, *if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law*." (emphasis added). Failure to do so makes an otherwise valid subpoena facially invalid; indeed, this Court has held that "failure to tender fees for 1 day's attendance and the mileage allowed by law . . . is fatal to the

---

[1] On May 15, 2025, Movant's counsel and Defendants' counsel met to confer as to the scope of Defendants' requests and Movant's availability for a deposition, but Movant and Defendants have yet to come to any agreement on an alternate date.

[2] The district court in the New York Matter originally set the close of fact discovery for March 14, 2025, with depositions to be completed by February 14, 2025. *See* New York Matter, at ECF 68. On December 13, 2024, following what appears to be multiple discovery disputes, the close of fact discovery was extended to May 1, 2025, with depositions to be completed by March 31, 2025. *Id.* at ECF 109. Then again, on March 10, 2025, the close of fact discovery was again extended to August 1, 2025, with depositions to be completed by July 1, 2025. *Id.* at ECF 135.

6

subpoenas" issued under Rule 45. *Wood v. Progressive Select Ins. Co.*, No. 21-cv-14172, 2022 WL 16714191, at *2 (S.D. Fla. Nov. 4, 2022).

## C. Defendants pose an undue burden on Movant.

Third, this Court should quash the subpoenas demanding documents and a deposition of Movant on the basis that it imposes an undue burden on Movant. This is particularly true because Movant is a nonparty to the underlying litigation.

According to the Eleventh Circuit:

> The undue burden analysis requires the court to "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019). *See also Virginia Dep't of Corr.*, 2017 WL 5075252, at *5, *10 (applying the undue burden analysis). Several factors have been identified as pertinent to the analysis, including the "relevance of the information requested" to the underlying litigation and the "burden [that would be] imposed" by producing it. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry. *See id.* ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.").

*Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020); *see also* Fed. R. Civ. P. 45, Advisory Committee Note of 1991 ("A nonparty required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court.").

7

Here, Movant is a nonparty to the underlying litigation with little if any connection to Defendants' counterclaims against Plaintiffs. Yet Defendants seek a broad range documents from Movant, largely without naming any look-back time period. None of the information sought seems reasonably calculated to turn up relevant—not to mention necessary—information for purposes of Defendants' counterclaims.

Even if such information was relevant, Defendants could more readily obtain the same information from Plaintiffs or from Defendants' own records. Movant is no longer employed by Plaintiffs, who have or should have the requested employment records, expense filings, and financial reports. Movant should not be saddled with the burden and expense of fishing for this information, which may or may not have anything to do with the underlying litigation.

Equally important, Defendants' broad discovery requests are likely to turn up private personal or business communications that have nothing to do with the underlying lawsuit. Weighed against the relevance and need for such information, the burden placed on Movant is too great.

## D. Alternatively, good cause exists to issue a protective order precluding document discovery.

Finally, should this Court deny Movant's request to quash the subpoena, it should issue a protective order pursuant to Rule 26(c) directing a deposition but precluding document discovery.

Under Rule 26(c), this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In determining good cause, "the Court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result." *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013).

Here, entering a protective order precluding document discovery would, for the same reasons cited above, protect Movant from annoyance and undue burden or expense. Searching for and collecting documents from Movant's electronic and paper records going back years—even decades—represents significant expense and annoyance to Movant. Additionally, Movant's privacy interests will be harmed, as Defendants' subpoenas potentially encompass a range of private and business communications between Movant—a nonparty to the underlying litigation—and a number of other individuals and entities.

Meanwhile, Defendants have not identified any particular need for information; this is an apparent fishing expedition to salvage a failing lawsuit and to dredge up information from unlikely sources at the last moment. Movant has no rational connection to the underlying litigation, yet Defendants are demanding compliance on an accelerated schedule with few limitations on the scope of documents or deposition subject matter. If Movant was important to Defendant's case, it would have made contact with and issued subpoenas earlier in the discovery calendar.

9

WHEREFORE, Movant respectfully requests that this Court quash the subpoena attached hereto.

                                        Respectfully submitted,

                                        GOLDSTEIN LAW PARTNERS, LLC

Dated: May 20, 2025               *s/ David R. Osborne*
                                        **David R. Osborne**
                                        Florida Bar No. 70186
                                        Email: dosborne@goldsteinlp.com
                                        Goldstein Law Partners, LLC
                                        1200 Riverplace Blvd., Suite 105-1110
                                        Jacksonville, FL 32207
                                        Telephone: 610-949-0444
                                        Facsimile: 215-257-1910
                                        *Counsel for Movant*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Movant's counsel has in good faith conferred with Defendants in an effort to resolve the dispute addressed by this motion without court action.

Dated: May 20, 2025

*s/ David R. Osborne*
**David R. Osborne**
Florida Bar No. 70186
Email: dosborne@goldsteinlp.com
Goldstein Law Partners, LLC
1200 Riverplace Blvd., Suite 105-1110
Jacksonville, FL 32207
Telephone: 610-949-0444
Facsimile: 215-257-1910
*Counsel for Movant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that that, on January 30, 2025, this motion was served via electronic mail and will be served via certified mail on the following:

Nicholas P. Whitney
Seldon J. Childers
ChildersLaw, LLC
2135 NW 40th Terrace, Suite B
Gainesville, FL 32605
nwhitney@smartbizlaw.com
jchilders@smartbizlaw.com


Dated: May 20, 2025　　　　　　　*s/ David R. Osborne*
　　　　　　　　　　　　　　　　**David R. Osborne**
　　　　　　　　　　　　　　　　Florida Bar No. 70186
　　　　　　　　　　　　　　　　Email: dosborne@goldsteinlp.com
　　　　　　　　　　　　　　　　Goldstein Law Partners, LLC
　　　　　　　　　　　　　　　　1200 Riverplace Blvd., Suite 105-1110
　　　　　　　　　　　　　　　　Jacksonville, FL 32207
　　　　　　　　　　　　　　　　Telephone: 610-949-0444
　　　　　　　　　　　　　　　　Facsimile: 215-257-1910
　　　　　　　　　　　　　　　　*Counsel for Movant*