# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PROJECT VERITAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES O'KEEFE, et al.,<br><br>    Defendants. | Case No. _____<br><br>Originating Court: S.D.N.Y.<br>Originating Case No.: 7:23-cv-04533<br><br>**DECLARATION OF BENJAMIN B. HINCKLEY IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA OR FOR ENTRY OF PROTECTIVE ORDER** |

I, Benjamin B. Hinckley, pursuant to section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am currently residing in Florida and am not a party to the above-captioned civil action of which Defendants James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group ("Defendants") are a part. However, I have personal knowledge of the following and, if called as a witness, could testify to the following:

2. I have no personal connection to the subject matter of the Defendants' counterclaims.

3. I have not been employed by Plaintiffs Project Veritas or Project Veritas Action Fund since June 2023, when my employment was terminated.

4. During my tenure with those organizations, I did not communicate with employees, board members, or donors using my personal equipment. Upon

termination of my employment in June 2023, I turned in my company phone and computer.

5. On May 9, 2025, I was served with a subpoena demanding my deposition and the production of certain documents. A true and correct copy of the subpoena is attached to my Motion to Quash Non-Party Subpoena or for Entry of Protective Order. No witness fee or estimated mileage reimbursement was included.

6. I was not given sufficient time to respond to the subpoena. More specifically, I would not be in Florida on the noticed deposition date and was given just eight business days (and twelve calendar days) to conduct a document search of all my personal records, ask my attorney to perform a legal review, and deliver responsive documents.

7. To adequately respond to Defendants' subpoenas—many of which did not state give a relevant look-back time period—I would not only have to search all of my personal records but would have to determine whether and to what extent individuals with which I may have corresponded qualified as board members, employees, contractors, or donors of the Plaintiff organizations.

8. Properly responding to Defendants' subpoenas would involve not only a search of my electronic records, but all paper records, again without any relevant look-back time period.

9. I would likely have to enlist a document discovery contractor to recover electronic and personal files, at my own expense.

10. Most of the documents requested by Defendants would be more readily available from Plaintiffs. For example, Defendants seek records relating to my former employment with Plaintiffs, Defendant O'Keefe's expense, travel, and fundraising records, Plaintiffs' financial reports and audits, written complaints made by Plaintiffs' board members, employees or contractors, and communications with Plaintiffs' board members and donors.

11. Certain documents requested by Defendants should already be in Defendants' possession, such as Defendant O'Keefe's expense, travel, and fundraising records, and still others are publicly available online, such as my social media posts.

12. Otherwise, communications likely to be responsive to Defendants' requests are also likely to be personal or business related—and therefore private—but not relevant to Defendants' litigation.

13. To my knowledge, my name has not come up in discovery in Defendants' litigation. It appears they decided to serve me only just prior to the close of discovery.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 20, 2025

_____
Benjamin B. Hinckley