**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PROJECT VERITAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES O'KEEFE, et al., <br><br> Defendants. | **Case No. 7:23-cv-04533** <br><br> **BARRY HINCKLEY'S OBJECTIONS TO DEFENDANTS' SUBPOENA TO TESTIFY AT A DEPOSITION AND PRODUCE CERTAIN DOCUMENTS** |

Barry Hinckley ("Mr. Hinckley"), by and through his undersigned attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, objects to Defendants' Subpoena to Testify at a Deposition in a Civil Action, including the accompanying subpoena *duces tecum*, attached hereto, as follows:

**PRELIMINARY STATEMENT**

1. Mr. Hinckley's own investigation and search for documents relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Mr. Hinckley's right to rely on other facts or documents at or in deposition.

2. By making the accompanying responses and objections to Defendants' document requests, Mr. Hinckley does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Mr. Hinckley makes the objections herein without in any way implying that he considers the document requests and his responses thereto relevant or material to the subject matter of this action.

3. Mr. Hinckley will produce responsive documents only to the extent that such documents are in his possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Mr. Hinckley's possession, custody, or control does not include

1

any constructive possession that may be conferred by Mr. Hinckley's right or ability to compel the production of documents or information from third parties.

4.  A response to a document request stating objections shall not be deemed or construed that there are, in fact, responsive documents, that Mr. Hinckley performed any of the acts described in the document request, definitions, or instructions applicable to the document request, or that Mr. Hinckley acquiesces in the characterization of the conduct or activities contained in the document request, definitions, or instructions applicable to the document request.

5.  Mr. Hinckley expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.  Publicly available documents including, but not limited to, news stories, court papers, and/or documents available on the Internet will not be reproduced. Responsive documents known or reasonably believed to be in the possession of Defendants will also not be produced.

## GENERAL OBJECTIONS

1.  Defendants have not given Mr. Hinckley a reasonable time to comply. Mr. Hinckley was served with a copy of the subpoena on May 9, 2025, yet directed to comply by May 21, 2025—just twelve (12) calendar days and eight (8) business days. *See Brown v. Hendler*, No. 09-cv-4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable.").

2.  Defendants have failed to tender a witness fee and estimated mileage to Mr. Hinckley as required by Rule 45(b)(1). *See Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20-mv-23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020) ("'This requirement is strictly enforced,' and 'courts in this [d]istrict as well as this [c]ircuit have deemed subpoenas invalid and granted motions to quash where a party failed to

tender a witness fee with service of the subpoena.'" (quoting *KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, No. 19-cv-2918, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020)).

## OBJECTIONS TO DEFINITIONS

1. Mr. Hinckley objects to Defendants' definition of "COMMUNICATION" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Mr. Hinckley further objects to Defendants' definition of "COMMUNICATION" to the extent that it calls for documents/communications protected from disclosure by the attorney-client, attorney work product, joint-client, common interest, and/or any other applicable privilege.

2. Mr. Hinckley objects to Defendants' definition of "DOCUMENT" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Mr. Hinckley further objects to Defendants' definition of "DOCUMENT" to the extent that it calls for documents protected from disclosure by the attorney-client, attorney work product, joint-client, common interest, and/or any other applicable privilege.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Any and all documents in your possession relating to your appointment to or employment with Project Veritas and your service to Project Veritas.

**RESPONSE:**

Mr. Hinckley objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back period time limitation on the requested documents.

Mr. Hinckley further objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that the terms of Mr. Hinkley's employment with Project Veritas would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Defendants' counterclaims, which allege a breach of contract, defamation by certain named plaintiffs, publication of Defendant's private messages, intentional infliction of emotional distress, unenforceable contract terms, breach of the duty of good faith and fair dealing, and breach of fiduciary duty.

Mr. Hinckley also objects to this document request on the basis that Plaintiffs are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Mr. Hinckley to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 2:**

Any and all Communications in your possession concerning James O'Keefe's expenditures, travel, and fundraising during his employment with Project Veritas.

**RESPONSE:**

Mr. Hinckley objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back period time limitation on the requested communications.

Mr. Hinckley also objects to this document request on the basis that Plaintiffs and Defendants are likely to be in possession of the communications requested and, as such, it is unduly burdensome to require Mr. Hinckley to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 3:**

Any and all financial reports and/or audits concerning Project Veritas in your possession.

**RESPONSE:**

Mr. Hinckley objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back period time limitation on the requested documents.

Mr. Hinckley also objects to this document request on the basis that Plaintiffs are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Mr. Hinckley to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 4:**

Any and all written complaints or grievances concerning James O'Keefe, whether made by Project Veritas Board (the "Board") members and/or Project Veritas employees or contractors.

**RESPONSE:**

Mr. Hinckley objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back period time limitation on the requested documents.

Mr. Hinckley also objects to this document request on the basis that Plaintiffs are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Mr. Hinckley to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 5:**

Any and all of your written communications with Board members from 2022 to present, whether you were the author, sender, or recipient.

**RESPONSE:**

Mr. Hinckley objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that all communications between Mr. Hinckley and every Board member would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Defendants' counterclaims, which allege a breach of contract, defamation by certain named plaintiffs, publication of Defendant's private messages, intentional infliction of emotional distress, unenforceable contract terms, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. Mr. Hinckley was not a party to the challenged contract(s), and there are no allegations that Mr. Hinckley made or received any defamatory statements.

Mr. Hinckley also objects to this document request on the basis that Plaintiffs are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Mr. Hinckley to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 6:**

Any and all of your written communications with Project Veritas donors from 2023 to present, whether you were the author, sender, or recipient.

**RESPONSE:**

Mr. Hinckley objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that all communications between Mr. Hinckley and every Project Veritas donor would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Defendants' counterclaims, which allege a breach of contract, defamation by certain named plaintiffs, publication of Defendant's private messages, intentional infliction of emotional distress,

unenforceable contract terms, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. Mr. Hinckley was not a party to the challenged contract(s), and there are no allegations that Mr. Hinckley made or received any defamatory statements.

Mr. Hinckley also objects to this document request on the basis that Plaintiffs are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Mr. Hinckley to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 7:**

Any and all of your social media posts regarding Project Veritas, James O'Keefe, and/or O'Keefe Media Group, posted at any time from 2021 through present.

**RESPONSE:**

Mr. Hinckley objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that Mr. Hinckley's social media posts would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Defendants' counterclaims, which allege a breach of contract, defamation by certain named plaintiffs, publication of Defendant's private messages, intentional infliction of emotional distress, unenforceable contract terms, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. Mr. Hinckley was not a party to the challenged contract(s), and there are no allegations that Mr. Hinckley made or received any defamatory statements.

Mr. Hinckley also objects to this document request on the basis that Defendants are likely to be in possession of the documents requested because they are or were publicly available and, as such, it is unduly burdensome to require Mr. Hinckley to produce documents already available to Defendants.

|  |  |
|---|---|
|  | GOLDSTEIN LAW PARTNERS, LLC |
| Dated: May 20, 2025 | *s/ David R. Osborne* <br> **David R. Osborne** <br> Florida Bar No. 70186 <br> Email: dosborne@goldsteinlp.com <br> Goldstein Law Partners, LLC <br> 1200 Riverplace Blvd., Suite 105-1110 <br> Jacksonville, FL 32207 <br> Telephone: 610-949-0444 <br> Facsimile: 215-257-1910 <br> *Counsel for Barry Hinckley* |

## CERTIFICATE OF SERVICE

      I, the undersigned, certify that on May 20, 2025, I served the foregoing on Defendants' counsel of record listed below via electronic mail:

Nicholas P. Whitney
ChildersLaw, LLC
2135 NW 40th Terrace, Suite B
Gainesville, FL 32605
nwhitney@smartbizlaw.com

Dated: May 20, 2025          *s/ David R. Osborne*
                                               **David R. Osborne**
                                               Florida Bar No. 70186
                                               Email: dosborne@goldsteinlp.com
                                               Goldstein Law Partners, LLC
                                               1200 Riverplace Blvd., Suite 105-1110
                                               Jacksonville, FL 32207
                                               Telephone: 610-949-0444
                                               Facsimile: 215-257-1910
                                               *Counsel for Barry Hinckley*